LOVIOLETTE *v.* BUTLER.

DEEDS—CANCELLATION—EVIDENCE.

The evidence failing to establish complainant's contention that there was an understanding between himself and his grantee that a reversionary clause should be inserted in the deed, his bill, filed after the grantee's death, to set aside his deed to her, and a subsequent deed, claimed to have been obtained from her by undue influence, was properly dismissed.

Appeal from Sanilac; Beach, J. Submitted June 5, 1900. Decided September 13, 1900.

Bill by Francis Loviolette against N. A. Butler and others to set aside certain deeds. From a decree dismissing the bill, complainant appeals. Affirmed.

*E. C. Babcock*, for complainant.

*Fred A. Farr* and *Quinn & Wixson*, for defendants.

HOOKER, J. Complainant made and caused to be recorded a deed to his wife of 40 acres of land, upon

which, with another 40 acres, he resided. In October, 1895, she made a deed of the same to her mother for life, remainder to her brothers and sister. This deed was delivered, but there was no change in the possession of the premises. Two years later she died, and complainant has filed the bill in this cause to set aside the deeds,—the first, because it does not contain a reversionary clause, which his bill alleges was to have been made a part of it, according to an agreement with his wife, under which the deed is alleged to have been made; the second, on account of undue influence exerted by the parties upon his wife. The learned circuit judge dismissed the bill, and this, we think, was fully justified by the proofs. The question, being one of fact, needs no discussion, further than to say that we think it fails to show that there was an agreement for a reversionary clause, or that the same was contemplated, or that Henry Butler, the conveyancer, was directed to insert it.

The decree is affirmed, with costs.

The other Justices concurred.